IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORT THOMAS, as the Receiver for W. Neil "Doc" Gallagher, Gallagher Financial Group, Inc., and W. Neil Gallagher, Ph.D. Agency, Inc., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-576 |
| GARY HOPKINS, SR., AND HOPKINS MINING, LLC., | § § § § | |
| Defendants. | § § § § | |

## ORIGINAL COMPLAINT

Cort Thomas, in his capacity as the court-appointed Receiver for W. Neil "Doc" Gallagher ("Gallagher"), Gallagher Financial Group, Inc. ("GFG"), and W. Neil Gallagher, Ph.D. Agency, Inc. ("Gallagher Agency"), (collectively, the "Receivership Defendants") files this Original Complaint against Gary Hopkins, Sr. and Hopkins Mining, LLC (collectively, "Defendants"). In support, the Receiver respectfully shows the Court the following:

### I.
### Parties

1. Plaintiff Cort Thomas, Receiver ("Receiver") is an individual who resides in the State of Texas.

2. Defendant Gary Hopkins, Sr. is an individual who may be served with process at 2128 Leslie Lane, Scottsburg, Indiana 47170 or wherever else he may be found.

3. Defendant Hopkins Mining, LLC is a limited liability company that may be served with process by serving its registered agent Gary Hopkins as 2128 Leslie Lane, Scottsburg, Indiana 47170 or wherever else he may be found.

## II.

## Jurisdiction and Venue

4. The court has continuing subject matter ancillary federal jurisdiction pursuant to 28 U.S.C. § 1331 and the March 8, 2019 Order Appointing Receiver ("Receivership Order") issued in Civil Action No. 3:19-cv-575-C, *Securities and Exchange Commission v. W. Neil "Doc" Gallagher, et al.,* in the United States District Court for the Northern District of Texas (the "Underlying Lawsuit"). Pursuant to the Receivership Order,[1] the Receiver has exclusive custody and control over all Receivership Assets, which include all claims owned by the Receivership Defendants. This lawsuit is filed pursuant to the Receiver's execution of his duties as defined in the Receivership Order to recover funds owed to the Receivership Defendants, and accordingly, ancillary jurisdiction exists regardless of amount in controversy, diversity, or any other factor.[2]

5. Further, the Court has subject matter jurisdiction and personal jurisdiction over each of the Defendants pursuant to 28 U.S.C. § 1692 and 28 U.S.C. § 754.

6. Venue in this District is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events and omissions giving rise to the claim occurred in Dallas, Texas. Moreover, because ancillary jurisdiction exists, ancillary venue also exists.[3]

---

[1] A true and correct copy of the Receivership Order is attached as **Exhibit A** and is incorporated by reference.

[2] *Crawford v. Silette*, 608 F.3d 275, 278 (5th Cir. 2010).

[3] *SEC v. Bilzerian*, 378 F.3d 1100, 1107 (D.C. Cir. 2004).

**ORIGINAL COMPLAINT**                                                                 Page 2

## III.
## Conditions Precedent

7. All conditions precedent to the filing of this Original Complaint have been performed or have occurred.

## IV.
## Background Facts

8. As set forth in the Commission's Complaint in the Underlying Lawsuit,[4] the SEC alleges that Gallagher, a long-time radio personality in the Dallas/Fort Worth area, perpetrated an affinity-fraud investment scheme through offering and selling securities to investors ranging in age from 62 to 91.[5] The SEC further alleges that to attract investors, Gallagher purchased airtime to host retirement-planning programs on three Dallas-area radio stations; solicited listeners to contact Gallagher; and then had face-to-face meetings with investors to pitch investments that Gallagher promised would generate guaranteed, risk-free returns, ranging from 5% to 8% per year and "retirement income you'll never outlive."[6] Specifically, Gallagher, by and through the Gallagher Financial Group, Inc. and W. Neil Gallagher, Ph.D. Agency, Inc. solicited investments in the "Gallagher Diversified Growth and Income Strategy Account" (the "DGI Account"). Gallagher induced the investments by making numerous false statements regarding the profitability and manner of operation of the DGI Account. In truth, Gallagher invested only a small fraction of the investment funds he received. Moreover, the overwhelming majority of the investor funds were deposited into a single account Gallagher controlled, and the

---

[4] The Receiver hereby incorporates by reference all of the factual allegations in the Commission's Complaint in the Underlying Lawsuit. For convenience, a true and correct copy of the Commission's Complaint is attached as **Exhibit B**.

[5] *See paragraph 1 of SEC Complaint.*

[6] *Id. at paragraph 2.*

| ORIGINAL COMPLAINT | Page 3 |
|---|---|

investor monies were commingled with other monies and used to make payments to earlier investors – "a classic Ponzi scheme."[7]

9.  Gallagher was indicted for his activities and at his deposition on October 8, 2019 asserted the Fifth Amendment in response to questions asking him if he operated the DGI Account as an illegal Ponzi scheme

10.  As part of the lawsuit filed by the Commission, on March 8, 2019, the Court entered the Receivership Order, appointing Cortney C. Thomas as Receiver for the Defendants, and directing him to take possession and control over all funds, property and other assets in the possession of, or under the control of Defendants. *Receivership Order*, Section II, ¶ 7; and ¶ 17

11.  Further, the Receivership Order requires that all persons who receive a copy of the Receivership Order, without need of formal service, fully cooperate with the Receiver and not interfere with his efforts to assume control over Receivership Property. (*Receivership Order* ¶ 27A.). The Receivership Order also requires that all persons holding books, records, or assets of the Defendants and who receive a copy of the Receivership Order deliver those items to the Receiver upon his request. (*Receivership Order* ¶ 15).

12.  The Receiver discovered information demonstrating that one or more of the Defendants made a loan or an investment in Hopkins Mining. Additionally, one or more investors were also persuaded to invest in Hopkins Mining by Defendant Neil Gallagher. The Receiver also discovered that repayment of the loan or investment was in default.

13.  Upon discovering this information, the Receiver complied with 28 U.S.C. § 754 and within ten days of his appointment, filed the Receivership Order and the SEC's Complaint in

---

[7] *See SEC Complaint, paragraphs 22 and 24.*

the Northern and Southern Districts of Indiana, where Gary Hopkins Sr. resides, and in the District of Colorado, where Hopkins Mining purportedly operates.

14. Pursuant to a letter emailed on March 11, 2019 to Mr. Hopkins and Hopkins Mining, the Receiver's attorney sent a copy of the Receivership Order. The letter requested that Mr. Hopkins freeze any investment made by any Defendant and provide copies of contracts and related information related to any funds held on behalf of or owed to any Defendant. Although the letter requested an immediate response, none was received.

15. The Receiver attempted to personally serve Mr. Hopkins with the Receiver's letter and a copy of the Receivership Order, but Mr. Hopkins evaded service. As a result, upon the Receiver's request the Court authorized substitute service upon Mr. Hopkins by serving an adult at the house in Indiana in which Mr. Hopkins is believed to reside. The Receiver had Mr. Hopkins served through substituted service with a copy of the Receiver's demand and a copy of the Receivership Order. The Defendants continued to ignore the demands of the Receiver and the obligations of the Receivership Order.

16. Upon the Receiver's Motion, the Court entered an Order for the Defendants to appear before the Court and show cause as to why they should not be held in civil contempt of court. The Order was served upon the Defendants through substituted service. The Defendants ignored the Show Cause Order.

17. On January 6, 2020 the Court conducted a show cause hearing. The Defendants did not appear. As a result, on January 9, 2020 the Court entered an Order finding the Defendants in civil contempt of court for their refusal to comply with the Receivership Order. The Order was served upon the Defendants through substituted service.

18. To date, neither Mr. Gary Hopkins, nor any representatives of Hopkins Mining have responded to the Receiver's correspondence or the Court's orders. No documents or information regarding the investments at issue have been provided to the Receiver by any representative of Hopkins Mining.

19. Accordingly, Gary Hopkins and Hopkins Mining remain in contempt of court. Their conduct in failing to respond is an intentional and knowing violation of the Receivership Order.

20. Based on documents obtained by the Receiver, it appears that Gallagher loaned more than $1 million of investor funds to the Defendants and upon information and belief that loan remains unpaid and due and owing.

## V.
## CLAIMS FOR RELIEF

A. **FRAUDULENT TRANSFER**

21. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 25 of this Original Complaint as if each were separately set forth herein.

22. Beginning in 2013 and continuing until March 2019, the Receivership Defendants transferred Ponzi payments totaling not less than $1,000,000 to the Defendants. Each of these transfers was fraudulent as to the Receivership Defendants and their creditors pursuant to the Uniform Fraudulent Transfer Act. Because the DGI Account operated by Gallagher was by its nature a fraudulent enterprise from inception, transfers made in furtherance of such an enterprise

are fraudulent as a matter of law[8], and each transfer by the Receivership Defendants to the Defendants was willful and malicious and made with actual intent to defraud.

23. More specifically, each of the transfers referred to above were made not from investment income earned by the Receivership Defendants, but from the funds invested in the Receivership Defendants by the various investors in the program.

24. Because the funds the Receiver seeks to recover are Ponzi payments that were made as loans to the Defendants, the transfers were made without the exchange of reasonably equivalent value. In addition, on information and belief, the transfers were not received by the Defendants in good faith.

25. Each of the transfers from the Receivership Defendants to the Defendants should be set aside and the Defendants should be ordered to disgorge to the Receiver such funds in compliance with this Court's orders, and the UFTA, Tex. Bus. & Comm. Code § 24.001 et seq. To the extent the funds have been used to acquire real or personal property that any Defendant claims an interest in, such interests should be set aside.

26. Finally, pursuant to Tex. Bus. & Comm. Code 24.013, the Receiver seeks the recovery of his attorney's fees against the Defendants.

B.   **UNJUST ENRICHMENT**

27. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 26 of this Original Complaint as if each were separately set forth herein.

---

[8] *Warfield v. Byron*, 436 F.3d 551 (5th Cir. 2006)

28. The Defendants have each been unjustly enriched by the amount of funds each received from the Receivership Defendants and the Receiver has a superior equitable interest to recover the Ponzi payments received by Defendants from the Receivership Defendants.

C. **MONEY HAD AND RECEIVED**

29. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 28 above as if each were separately set forth below.

30. In the alternative, and without waiver of the foregoing, the Defendants received money or valuable property from the Receivership Defendants and in equity and good conscience, the money or property each received belongs to the Receivership Estate for the further benefit of defrauded investors and creditors of the Receivership Estate. The Receiver hereby sues for the recovery of all money and property had and received by the Defendants, together with all pre- and post-judgment interest as allowed by law.

D. **REQUEST FOR AN ACCOUNTING**

31. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 30 of this Original Complaint as if each were separately set forth herein.

32. The Defendants are in wrongful possession of substantial monies transferred to them from monies invested in the Receivership Defendants by other investors, which was obtained by the Receivership Defendants through fraudulent and misleading means. The Defendants have each been provided a copy of the Receivership Order which requires their cooperation, and each of the Defendants has failed and refused to comply with the Receiver's demands. To date, the Defendants have failed to return to the Receiver the Ponzi payments they received, to identify the bank accounts in which the funds are held, or to fully account for the use

of the funds. The Receiver is entitled to an accounting specifying the location of the funds, the persons or entities with control over the funds, and the location of any assets purchased with the funds.

33. The Receiver requests that the Court enter an Order compelling the Defendants to file with the Court and serve upon the Receiver an accounting, under oath, detailing all of their assets and all of their funds and other assets received from the Receivership Defendants.

### E. ATTORNEY'S FEES

34. The Receiver seeks the recovery of all reasonable attorneys' fees and expenses incurred in obtaining judgment against the Defendants, as allowed by law or in equity, and those attorneys' fees and expenses required to pursue any appeal.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Receiver, Cort Thomas respectfully prays that this Court order disgorgement or alternatively award the Receiver judgment against the Defendants in an amount to be determined through discovery, plus prejudgment and post judgment interest, attorneys fees, expenses, and court costs; and that the Court grant such other and further relief as prayed for herein, both at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: */s/ Kelly M. Crawford*
Kelly M. Crawford
State Bar No. 05030700

500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: (214) 706-4200
Telecopier: (214) 706-4242

**ATTORNEYS FOR RECEIVER
CORT THOMAS**